# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| TOGAIL TECHNOLOGIES LTD., <br><br> Plaintiff, <br><br> v. <br><br> TCL TECHNOLOGY GROUP CORP.; TCL COMMUNICATION TECHNOLOGY HOLDINGS, LTD.; TCT MOBILE WORLDWIDE, LTD.; TCT MOBILE INTERNATIONAL, LTD.; TCL ELECTRONICS HOLDINGS LTD.; and TCL COMMUNICATION LTD., <br><br> Defendants. | Case No. 2:23-cv-00039 <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

This is an action for patent infringement arising under the Patent Laws of the United States of America, 35 U.S.C. § 1 *et seq.*, in which Plaintiff Togail Technologies Limited ("Plaintiff" or "Togail") makes the following allegations against Defendants TCL Technology Group Corp., TCL Communication Technology Holdings, Ltd., TCT Mobile Worldwide, Ltd., TCT Mobile International, Ltd., TCL Electronics Holdings Ltd., and TCL Communication Ltd. (collectively, "Defendants" or "TCL"):

## INTRODUCTION

1. This complaint arises from TCL's unlawful infringement of the following United States patents owned by Plaintiff, which relate to improvements in mobile communications systems: U.S. Patent Nos. 10,743,238 ("the '238 patent"), 10,791,502 ("the '502 patent"), and 11,115,165 ("the '165 patent") (collectively, the "Asserted Patents").

## PARTIES

2. Plaintiff Togail Technologies Limited is a private company limited by shares organized and existing under the laws of Ireland, with its principal place of business at The Hyde Building, Suite 23, The Park, Carrickmines, Dublin 18, Ireland. Togail is the sole owner by assignment of all rights, title, and interest in the Asserted Patents, including the right to recover damages for past, present, and future infringement.

3. Defendant TCL Technology Group Corp. ("TCL Technology Group"), formerly known as TCL Corporation, is a corporation organized under the laws of China with its principal place of business at TCL Technology Building, No. 17, the Huifeng Third Road, Zhongkai Avenue, Huizhou City, Guangdong, P.R. China 516006.

4. Defendant TCL Communication Technology Holdings, Ltd. ("TCL Communication Technology") is a corporation organized under the laws of the Cayman Islands with its principal place of business at 5/F, Building 22E, 22 Science Park East Avenue, Hong Kong Science Park, Shatin, New Territories, Hong Kong.

5. Defendant TCT Mobile Worldwide, Ltd. ("TCT Mobile Worldwide") is a corporation organized under the laws of Hong Kong with its principal place of business at 5/F, Building 22E, 22 Science Park East Avenue, Hong Kong Science Park, Shatin, New Territories, Hong Kong.

6. Defendant TCT Mobile International, Ltd. ("TCT Mobile International") is a corporation organized and existing under the laws of Hong Kong with its principal place of business at 5/F, Building 22E, 22 Science Park East Avenue, Hong Kong Science Park, Shatin New Territories, Hong Kong.

7. Defendant TCL Electronics Holdings Ltd. ("TCL Electronics") is a foreign entity incorporated in the Cayman Islands with limited liability with its principal place of business at 7/F, TCL Building, 22 Science Park East Avenue, 22E Hong Kong Science Park, Hong Kong.

8. Defendant TCL Communication Ltd. ("TCL Communication") is, on information and belief, a corporation organized and existing under the laws of Hong Kong, with its principal place of business located at 5/F, TCL Building, 22 Science Park East Avenue, 22E Hong Kong Science Park, Hong Kong.

9. Defendants form an interrelated group of companies which together comprise one of the largest worldwide makers and sellers of smartphones and other electronics, such as televisions. Defendants (and their subsidiaries and affiliates) conduct business as a collective whole under the TCL brand. *See* https://www.tcl.com/eu/en/about-tcl?the-group. On information and belief, Defendants are part of the same corporate structure and distribution chain for the making, importing, offering to sell, selling, and using of the accused devices in the United States, including in the State of Texas and this District. On information and belief, Defendants (and their subsidiaries and affiliates) share the same management, common ownership, advertising platforms, facilities, distribution chains and platforms, and accused product lines and products involving related technologies. As such, Defendants (and their affiliates and subsidiaries) operate as a unitary business and are jointly and severally liable for the acts of infringement described herein.

10. TCL induces its subsidiaries, affiliates, retail partners, and customers in the making, using, selling, offering for sale, and/or importing throughout the United States, including within this District, infringing products, such as the TCL 10 5G UW, and placing such devices into the stream of commerce via established distribution channels knowing or understanding

that such products would be sold and used in the United States, including in the Eastern District of Texas. Defendants, between and amongst themselves, purposefully direct the Accused Products into established distribution channels within this District and the U.S. nationally.

11. On information and belief, the Defendants maintain a corporate presence in the United States via at least their U.S.-based sales subsidiaries and affiliates, including TTE Technology, Inc. ("TTE Technology") and TCT Mobile (US) Inc. ("TCT Mobile U.S."). TTE Technology is a Delaware Corporation with a principal place of business at 1860 Compton Avenue, Corona, California 92881. TTE Technology provides sales, distribution, research, and development support in North America as part of the TCL Group at the direction and control of and for its parents, including TCL Technology Group Corp. TTE Technology is an agent of Defendants. TCT Mobile U.S. is a Delaware corporation with a principal place of business at 25 Edelman, Suite 200, Irvine, California 92618. TCT Mobile U.S. provides sales, distribution, research, and development support in North America as part of the TCL Group at the direction and control of and for its parents, including TCL Technology Group Corp. TCT Mobile U.S. is an agent of Defendants. At the direction and control of Defendants, U.S.-based sales subsidiaries including, TTE Technology and TCT Mobile U.S., import infringing mobile devices into the United States and this District.

12. On information and belief, Defendants and their U.S.-based sales subsidiaries (which act as part of a global network of sales and manufacturing subsidiaries) operate as agents of one another and vicariously as parts of the same business group to work in concert together. For example, Defendants, alone and through at least the activities of their U.S.-based sales subsidiaries (including TTE Technology and TCT Mobile U.S.), conduct business in the United

States, including importing, distributing, and selling infringing products, such as the TCL 10 5G UW, in Texas and this District. On information and belief, Defendants, alone and through their U.S.-based subsidiaries, place such infringing products into the stream of commerce via established distribution channels knowing or understanding that such products would be sold and used in the United States, including in the Eastern District of Texas.

13. On information and belief, Defendants do business themselves, or through their subsidiaries, affiliates, and agents, in the State of Texas and the Eastern District of Texas. TCL has placed or contributed to placing infringing products, such as the TCL 10 5G UW, into the stream of commerce via established distribution channels knowing or understanding that such products would be sold and used in the United States, including in the Eastern District of Texas.

14. On information and belief, Defendants manufacture, distribute, import, offers for sale, and/or sell in the State of Texas and the Eastern District of Texas mobile devices that infringe the Patent asserted in this matter.

15. On information and belief, Defendants have derived substantial revenue from infringing acts in the Eastern District of Texas, including from the sale and use of infringing products including at least the TCL 10 5G UW, 20 5G, 20 Pro 5G, Stylus 5G, 30 5G, 30 V 5G, 30 XE 5G, 20 Pro 5G, 20 A 5G, Tab Pro 5G, and Tab 10 5G.

## JURISDICTION AND VENUE

16. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

17. This Court has personal jurisdiction over Defendants in this action because Defendants have committed acts within this District giving rise to this action and have

established minimum contacts with this forum such that the exercise of jurisdiction over Defendants would not offend traditional notions of fair play and substantial justice. Defendants, directly and through subsidiaries or intermediaries, have committed and continue to commit acts of infringement in this District by, among other things, making, using, importing, offering to sell, and selling products that infringe the Asserted Patent.

18. Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(b). Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(b). On information and belief, Defendants have transacted business in this District and have committed acts of direct and indirect infringement in this District by, among other things, making, using, offering to sell, selling, and importing products that infringe the Asserted Patent.

19. Venue is also proper in this District pursuant to 28 U.S.C. § 1391(c)(3) because Defendants TCL Technology Group, TCL Communication Technology, TCT Mobile Worldwide, TCT Mobile International, TCL Electronics, and TCL Communication are foreign corporations that are not residents of the United States and are subject to personal jurisdiction in this District, and thus are subject to venue in any judicial district including this District. *See In re HTC Corp.*, 889 F.3d 1349, 1354 (Fed. Cir. 2018).

20. At least Defendants TCL Electronics and TCL Technology Group have not contested venue in this District in prior cases. *See, e.g.*, *LG Elecs. Inc. v. TCL Elecs. Holdings Ltd.*, No. 2:22-cv-00122-JRG, Dkt. No. 37 at ¶¶ 29-32.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 10,743,238

21. Plaintiff owns by assignment all rights, title, and interest, including the right to recover damages for past, present, and future infringement, in U.S. Patent No. 10,743,238, titled

"System information updates in band width part (BWP) switch operation." The '238 Patent was duly and legally issued by the United States Patent and Trademark Office on August 11, 2020. A true and correct copy of the '238 Patent is attached as Exhibit 1.

22. On information and belief, TCL makes, uses, offers for sale, sells, and/or imports wireless communications devices, including without limitation the TCL 10 5G, 10 5G UW, 20 5G, 20 Pro 5G, Stylus 5G, 30 5G, 30 V 5G, 30 XE 5G, 20 Pro 5G, 20 A 5G, Tab Pro 5G, and Tab 10 5G ("Accused Products"), that directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '238 Patent. Identification of the accused products will be provided in Plaintiff's infringement contentions pursuant to the Court's scheduling order.

23. The Accused Products satisfy all claim limitations of one or more claims of the '238 Patent. A claim chart comparing exemplary independent claims 1 and 11 of the '238 Patent to representative Accused Products is attached as Exhibit 2.

24. TCL also knowingly and intentionally induces infringement of one or more claims of the '238 Patent in violation of 35 U.S.C. § 271(b). As of at least the filing and service of this complaint, TCL has knowledge of the '238 Patent and the infringing nature of the Accused Products. Despite this knowledge of the '238 Patent, TCL continues to actively encourage and instruct its customers and end users (for example, through user manuals and online instruction materials on its website) to use the Accused Products in ways that directly infringe the '238 Patent, for example by utilizing the accused 5G functionality on the Accused Products in an infringing manner. For example, TCL makes the user manual for the exemplary Stylus 5G available for download on its website, which includes instructions on how to set-up and utilize the Stylus 5G to connect to the 5G cellular network and make phone calls using the 5G network. *See* https://www.tcl.com/us/en/products/mobile/stylus/tcl-stylus-5g-lunar-black;

Ex. 7 (TCL Stylus 5G Manual) at 4-8, 28-32, and 49-50. Further, TCL advertises the 5G functionality of the Accused Products and its benefits to customers and end users. *See, e.g.*, https://www.tcl.com/us/en/products/mobile/stylus/tcl-stylus-5g-lunar-black ("Lighting-fast 5G speeds for quick downloads …." and "Stunningly fast 5G speeds"). TCL provides these instructions and online materials to customers and end users knowing and intending (or with willful blindness to the fact) that its customers and end users will commit these infringing acts. TCL also continues to make, use, offer for sale, sell, and/or import the Accused Products, despite its knowledge of the '238 Patent, thereby specifically intending for and inducing its customers to infringe the '238 Patent through the customers' normal and customary use of the Accused Products.

25. TCL has also infringed, and continues to infringe, one or more claims of the '238 Patent by selling, offering for sale, or importing into the United States, the Accused Products, knowing that the Accused Products constitute a material part of the inventions claimed in the '238 Patent, are especially made or adapted to infringe the '238 Patent, and are not staple articles or commodities of commerce suitable for non-infringing use (as exemplified by the materials cited above). As of at least the filing and service of this complaint, TCL has knowledge of the '238 Patent and the infringing nature of the Accused Products. TCL has been, and currently is, contributorily infringing the '238 Patent in violation of 35 U.S.C. §§ 271(c) and (f).

26. By making, using, offering for sale, selling and/or importing into the United States the Accused Products, TCL has injured Plaintiff and is liable for infringement of the '238 Patent pursuant to 35 U.S.C. § 271(a).

27. On information and belief, Plaintiff (including its predecessors and any licensees) complied with 35 U.S.C. § 287 at least prior to June 30, 2022 because Plaintiff, its predecessors,

and any licensees did not make, offer for sale, or sell products that practice(d) the '238 Patent during the relevant time period or were not required to mark during the relevant time period.

28. As a result of TCL's direct infringement of the '238 Patent, Plaintiff is entitled to monetary damages (past, present, and future) in an amount adequate to compensate for TCL's infringement, but in no event less than a reasonable royalty for the use made of the invention by TCL, together with interest and costs as fixed by the Court.

29. As a result of TCL's indirect infringement of the '238 Patent (induced and contributory infringement), Plaintiff is entitled to monetary damages (present and future) in an amount adequate to compensate for TCL's infringement, but in no event less than a reasonable royalty for the use made of the invention by TCL, together with interest and costs as fixed by the Court, accruing as of the time TCL obtained knowledge of the '238 Patent.

## COUNT II

## INFRINGEMENT OF U.S. PATENT NO. 10,791,502

30. Plaintiff owns by assignment all rights, title, and interest, including the right to recover damages for past, present, and future infringement, in U.S. Patent No. 10,791,502, titled "On-demand system information request procedure and error handling." The '502 Patent was duly and legally issued by the United States Patent and Trademark Office on September 29, 2020. A true and correct copy of the '502 Patent is attached as Exhibit 3.

31. On information and belief, TCL makes, uses, offers for sale, sells, and/or imports wireless communications devices, including without limitation the TCL 10 5G, 10 5G UW, 20 5G, 20 Pro 5G, Stylus 5G, 30 5G, 30 V 5G, 30 XE 5G, 20 Pro 5G, 20 A 5G, Tab Pro 5G, and Tab 10 5G ("Accused Products"), that directly infringe, literally and/or under the doctrine of

equivalents, one or more claims of the '502 Patent. Identification of the accused products will be provided in Plaintiff's infringement contentions pursuant to the Court's scheduling order.

32. The Accused Products satisfy all claim limitations of one or more claims of the '502 Patent. A claim chart comparing exemplary independent claims 1 and 11 of the '502 Patent to representative Accused Products is attached as Exhibit 4.

33. TCL also knowingly and intentionally induces infringement of one or more claims of the '502 Patent in violation of 35 U.S.C. § 271(b). As of at least the filing and service of this complaint, TCL has knowledge of the '502 Patent and the infringing nature of the Accused Products. Despite this knowledge of the '502 Patent, TCL continues to actively encourage and instruct its customers and end users (for example, through user manuals and online instruction materials on its website) to use the Accused Products in ways that directly infringe the '502 Patent, for example by utilizing the accused 5G functionality on the Accused Products in an infringing manner. For example, TCL makes the user manual for the exemplary Stylus 5G available for download on its website, which includes instructions on how to set-up and utilize the Stylus 5G to connect to the 5G cellular network and make phone calls using the 5G network. *See* https://www.tcl.com/us/en/products/mobile/stylus/tcl-stylus-5g-lunar-black; Ex. 7 (TCL Stylus 5G Manual) at 4-8, 28-32, and 49-50. Further, TCL advertises the 5G functionality of the Accused Products and its benefits to customers and end users. *See, e.g.*, https://www.tcl.com/us/en/products/mobile/stylus/tcl-stylus-5g-lunar-black ("Lighting-fast 5G speeds for quick downloads …." and "Stunningly fast 5G speeds"). TCL provides these instructions and online materials to customers and end users knowing and intending (or with willful blindness to the fact) that its customers and end users will commit these infringing acts. TCL also continues to make, use, offer for sale, sell, and/or import the Accused Products, despite

its knowledge of the '502 Patent, thereby specifically intending for and inducing its customers to infringe the '502 Patent through the customers' normal and customary use of the Accused Products.

34. TCL has also infringed, and continues to infringe, one or more claims of the '502 Patent by selling, offering for sale, or importing into the United States, the Accused Products, knowing that the Accused Products constitute a material part of the inventions claimed in the '502 Patent, are especially made or adapted to infringe the '502 Patent, and are not staple articles or commodities of commerce suitable for non-infringing use (as exemplified by the materials cited above). As of at least the filing and service of this complaint, TCL has knowledge of the '502 Patent and the infringing nature of the Accused Products. TCL has been, and currently is, contributorily infringing the '502 Patent in violation of 35 U.S.C. §§ 271(c) and (f).

35. By making, using, offering for sale, selling and/or importing into the United States the Accused Products, TCL has injured Plaintiff and is liable for infringement of the '502 Patent pursuant to 35 U.S.C. § 271(a).

36. On information and belief, Plaintiff (including its predecessors and any licensees) complied with 35 U.S.C. § 287 at least prior to June 30, 2022 because Plaintiff, its predecessors, and any licensees did not make, offer for sale, or sell products that practice(d) the '502 Patent during the relevant time period or were not required to mark during the relevant time period.

37. As a result of TCL's direct infringement of the '502 Patent, Plaintiff is entitled to monetary damages (past, present, and future) in an amount adequate to compensate for TCL's infringement, but in no event less than a reasonable royalty for the use made of the invention by TCL, together with interest and costs as fixed by the Court.

38. As a result of TCL's indirect infringement of the '502 Patent (induced and contributory infringement), Plaintiff is entitled to monetary damages (present and future) in an amount adequate to compensate for TCL's infringement, but in no event less than a reasonable royalty for the use made of the invention by TCL, together with interest and costs as fixed by the Court, accruing as of the time TCL obtained knowledge of the '502 Patent.

## COUNT III

## INFRINGEMENT OF U.S. PATENT NO. 11,115,165

39. Plaintiff owns by assignment all rights, title, and interest, including the right to recover damages for past, present, and future infringement, in U.S. Patent No. 11,115,165, titled "Method and apparatus for multiple transmit/receive point (TRP) operations." The '165 Patent was duly and legally issued by the United States Patent and Trademark Office on September 7, 2021. A true and correct copy of the '165 Patent is attached as Exhibit 5.

40. On information and belief, TCL makes, uses, offers for sale, sells, and/or imports wireless communications devices, including without limitation the TCL 10 5G, 10 5G UW, 20 5G, 20 Pro 5G, Stylus 5G, 30 5G, 30 V 5G, 30 XE 5G, 20 Pro 5G, 20 A 5G, Tab Pro 5G, and Tab 10 5G ("Accused Products"), that directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '165 Patent. Identification of the accused products will be provided in Plaintiff's infringement contentions pursuant to the Court's scheduling order.

41. The Accused Products satisfy all claim limitations of one or more claims of the '165 Patent. A claim chart comparing exemplary independent claim 1 of the '165 Patent to representative Accused Products is attached as Exhibit 6.

42. TCL also knowingly and intentionally induces infringement of one or more claims of the '165 Patent in violation of 35 U.S.C. § 271(b). As of at least the filing and service

of this complaint, TCL has knowledge of the '165 Patent and the infringing nature of the Accused Products. Despite this knowledge of the '165 Patent, TCL continues to actively encourage and instruct its customers and end users (for example, through user manuals and online instruction materials on its website) to use the Accused Products in ways that directly infringe the '165 Patent, for example by utilizing the accused 5G functionality on the Accused Products in an infringing manner. For example, TCL makes the user manual for the exemplary Stylus 5G available for download on its website, which includes instructions on how to set-up and utilize the Stylus 5G to connect to the 5G cellular network and make phone calls using the 5G network. *See* https://www.tcl.com/us/en/products/mobile/stylus/tcl-stylus-5g-lunar-black; Ex. 7 (TCL Stylus 5G Manual) at 4-8, 28-32, and 49-50. Further, TCL advertises the 5G functionality of the Accused Products and its benefits to customers and end users. *See, e.g.*, https://www.tcl.com/us/en/products/mobile/stylus/tcl-stylus-5g-lunar-black ("Lighting-fast 5G speeds for quick downloads …." and "Stunningly fast 5G speeds"). TCL provides these instructions and online materials to customers and end users knowing and intending (or with willful blindness to the fact) that its customers and end users will commit these infringing acts. TCL also continues to make, use, offer for sale, sell, and/or import the Accused Products, despite its knowledge of the '165 Patent, thereby specifically intending for and inducing its customers to infringe the '165 Patent through the customers' normal and customary use of the Accused Products.

43. TCL has also infringed, and continues to infringe, one or more claims of the '165 Patent by selling, offering for sale, or importing into the United States, the Accused Products, knowing that the Accused Products constitute a material part of the inventions claimed in the '165 Patent, are especially made or adapted to infringe the '165 Patent, and are not staple articles

or commodities of commerce suitable for non-infringing use (as exemplified by the materials cited above). As of at least the filing and service of this complaint, TCL has knowledge of the '165 Patent and the infringing nature of the Accused Products. TCL has been, and currently is, contributorily infringing the '165 Patent in violation of 35 U.S.C. §§ 271(c) and (f).

44. By making, using, offering for sale, selling and/or importing into the United States the Accused Products, TCL has injured Plaintiff and is liable for infringement of the '165 Patent pursuant to 35 U.S.C. § 271(a).

45. On information and belief, Plaintiff (including its predecessors and any licensees) complied with 35 U.S.C. § 287 at least prior to June 30, 2022 because Plaintiff, its predecessors, and any licensees did not make, offer for sale, or sell products that practice(d) the '165 Patent during the relevant time period or were not required to mark during the relevant time period.

46. As a result of TCL's direct infringement of the '165 Patent, Plaintiff is entitled to monetary damages (past, present, and future) in an amount adequate to compensate for TCL's infringement, but in no event less than a reasonable royalty for the use made of the invention by TCL, together with interest and costs as fixed by the Court.

47. As a result of TCL's indirect infringement of the '165 Patent (induced and contributory infringement), Plaintiff is entitled to monetary damages (present and future) in an amount adequate to compensate for TCL's infringement, but in no event less than a reasonable royalty for the use made of the invention by TCL, together with interest and costs as fixed by the Court, accruing as of the time TCL obtained knowledge of the '165 Patent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter:

a. A judgment in favor of Plaintiff that TCL has infringed, either literally and/or

under the doctrine of equivalents, the '238, '502, and '165 Patents;

b. A judgment and order requiring TCL to pay Plaintiff its damages (past, present, and future), costs, expenses, and pre-judgment and post-judgment interest for TCL's infringement of the '238, '502, and '165 Patents;

c. A judgment and order requiring TCL to pay Plaintiff compulsory ongoing licensing fees, as determined by the Court in equity.

d. A judgment and order requiring TCL to provide an accounting and to pay supplemental damages to Plaintiff, including without limitation, pre-judgment and post-judgment interest and compensation for infringing products released after the filing of this case that are not colorably different from the accused products;

e. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiff its reasonable attorneys' fees against TCL; and

f. Any and all other relief as the Court may deem appropriate and just under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Dated: February 1, 2023
Respectfully submitted,

*/s/ Brett Cooper*

Brett E. Cooper (NY SBN 4011011)
bcooper@bc-lawgroup.com
Seth Hasenour (TX SBN 24059910)
shasenour@bc-lawgroup.com
Drew B. Hollander (NY SBN 5378096)
dhollander@bc-lawgroup.com

15

**BC LAW GROUP, P.C.**
200 Madison Avenue, 24th Floor
New York, NY 10016
Phone: 212-951-0100

***Attorneys for Plaintiff Togail Technologies Limited***